**E. B. KAISER COMPANY, Plaintiff,**

v.

**JAMES F. O'NEIL COMPANY, Inc.,
Defendant.**

**Civ. A. No. 9628, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 7, 1962.

Haight, Simmons, Hofeldt & Marshall, W. J. Marshall, Jr., Chicago, Ill., Hurley & Dreux, John E. Hurley, New Orleans, La., for plaintiff.

Bernard, Micholet & Cassisa, Paul V. Cassisa, New Orleans, La., for defendant.

AINSWORTH, District Judge.

This is an action by E. B. Kaiser Company to recover under quantum meruit $16,237 from James F. O'Neil Company, Inc., claiming that misrepresentations in contract negotiation by O'Neil induced Kaiser to accept O'Neil's purchase order.[1] The facts adduced at the trial do not support Kaiser's legal contentions or theories.

The United States Government awarded a contract to T. C. Bateson Construction Company, of Dallas, Texas, in June 1954 for construction work at the Forbes Air Force Base, Topeka, Kansas. O'Neil obtained a subcontract from Bateson in September 1954 to furnish materials and complete certain portions of the construction work at Forbes Air Force Base.

O'Neil issued a written purchase order contract to Kaiser whereby Kaiser was to:

> "Furnish all necessary labor, materials, insurance, etc., for the manufacture of all insulated conduit completely fabricated at your plant * * *

> "Lump sum price for above—$88,-000.00, the above price is firm.

> "Acceptance of this order is your agreement to abide by the foregoing conditions *and the attached rider.*" (Emphasis added.) Order No. 25279.

The rider referred to a deicing system which Kaiser was to furnish. Kaiser accepted the order by signing the purchase order.

---

1. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a), the matter in controversy exceeding, exclusive of interests and costs, the sum of $10,000.

Kaiser now complains that O'Neil falsely represented to Kaiser that competitors of Kaiser were including deicing systems in their quotations to O'Neil at the same price of approximately $88,000. While it is true, as Kaiser contends, that fraudulent misrepresentations of fact for purpose of inducing a party to enter a contract renders the contract voidable [2] and the defrauded party may either affirm the contract and sue for damages or disaffirm it and be reinstated to the position he held before it was consummated, 5 Williston on Contracts 4153, § 1487 (Rev. Ed. 1937), the burden of proof is nevertheless on the plaintiff and strong evidence is required to prove fraud, 3A Corbin on Contracts 467, § 749. Kaiser did not prove that O'Neil either made the statements to Kaiser or that the statements were false; however, even if proved, this does not, in this court's opinion, constitute fraud or misrepresentation sufficient to vitiate a contract but rather "dealer talk" or "puffing" prior to reducing the agreement to writing. "Preliminary negotiations, however, cannot be allowed to contradict or to vary terms of written [contract], but may be used only to determine the intent of the parties." Freeport Sulphur Co. v. Aetna Life Ins. Co., E. D. La., 1952, 107 F.Supp. 508, 511, affirmed as modified, 5 Cir., 1953, 206 F.2d 5, 41 A.L.R.2d 762. Kaiser had the opportunity to conduct its own cost analysis before accepting the offer. If Kaiser chose to rely upon O'Neil's statements, if made, then it did so at its own risk.

Common prudence should indicate that each party to a contract should exercise at least a minimum degree of vigilance and caution. Courts are rightfully reluctant to invalidate written agreements between parties on equal footing.

Kaiser's claim that O'Neil promised to cancel all outstanding balances between them (totaling $20,000), if Kaiser authorized an additional credit of $2,200

to the United States Corps of Engineers, was not proven to the satisfaction of the court; the evidence sharply conflicts and Kaiser's statement is uncorroborated. Kaiser's other claim for increased labor and materials costs in the sum of $3,552 is not granted for the reason that the written contract made no provision for such increases, i. e., there was no "escalator clause." The additional claims of Kaiser for $7,788 for the deicing system and $2,697 for insulation are clearly items contemplated by the original purchase order and accompanying rider which provided for the furnishing by Kaiser of *all* materials for the project as shown on the plans and specifications, and no additional award would be proper under these circumstances.

Judgment for the defendant with costs assessed against the plaintiff.

---

2. "A voidable contract is one where one or more parties thereto have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract; or by ratification of the contract to make it valid and enforceable." American Law Institute, Contracts Restatement, § 13.